WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynne Korff, | No. CV-13-02317-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

The Court has considered Motion for Order Requiring Plaintiff to Sign and Have Notarized a Next-of-Kin Consent & Release Authorization of Specimen Release for Outside Testing and Motion to Extend Deadline for Defendants to Disclose Pharmacology Expert (Doc. 110), Plaintiff's Response (Doc. 123), and Defendants' Reply (Doc. 166). Oral argument has been requested. However, the Court deems oral argument unnecessary to a determination of the issues presented.

This is a wrongful death and 42 U.S.C. § 1983 case arising from a shooting by City of Phoenix Police Officers which occurred in Phoenix, Arizona, on June 4, 2012. The decedent, Timothy O'Brien, was the Plaintiff's adult son. In the Amended Complaint (Doc. 1-1) filed November 13, 2013, the Plaintiff alleges that Timothy was "disabled" and "diagnosed with a mental disability." The Plaintiff further alleges that the Defendant officers knew or "should have known that Timothy had special needs, based on reasonable observation and diligence, including their knowledge of the setting of Telephone Pioneer Park or simply talking to and interacting with Timothy." *Id.* The

1  Plaintiff alleges that the officers had "no reasonable basis to suspect that Timothy posed
2  an immediate threat to them or anyone else." *Id.*  The officers came into contact with
3  Timothy while responding to a 911 call made by a third party.  Dispatch initially relayed
4  to officers the following: "Male with a bat yelling at people at the public pool." (Doc.
5  123-1, p. 2).  The parties dispute the facts at the scene leading up to the shots fired by
6  officers which resulted in Timothy's death.

7  Discovery in the case is on-going.  In December 2014, Defendants received and
8  reviewed Timothy O'Brien's mental health records from Partners in Recovery.  The
9  records include care provider entries from 2012 immediately prior to Timothy's death.
10 These visit notes raise the issues of Timothy's medication compliance and his use of
11 spice and alcohol.  Defendants are requesting that they be allowed to test a frozen blood
12 sample of Timothy which was retained by the Maricopa County Medical Examiner's
13 Office at the time of his autopsy.  Defendants request permission to test the decedent's
14 blood for the presence of synthetic cannabinoids, spice, cannabis, and his prescribed
15 medication.  Defendants have confirmed with the Maricopa County Medical Examiner
16 that the blood sample exists and that it can be sent to a lab in Pennsylvania which can test
17 the sample relatively quickly.  Defendants argue that the presence of spice in Mr.
18 O'Brien's blood system and his medication compliance at the time of his death are
19 relevant to the issue of his mental state and any behaviors he may have exhibited prior to
20 his death.  Though a toxicology report was generated as a result of Timothy's autopsy,
21 his blood was not tested to detect the presence of his prescribed medication, spice, or
22 cannabis.

23 Defendants request that the Court order Plaintiff to sign before a notary a Next-of-
24 Kin Consent and Release Authorization of Specimen Release for Outside Testing.
25 Defendants also request an extension of time to disclose their pharmacology expert's
26 opinions regarding the results.

27 Plaintiff objects to Defendants' requests because: (1) good cause has not been
28 shown to support an extension of the expert disclosure deadlines or further discovery in

1  the case; (2) Defendants did not discuss with opposing counsel the full breadth of the
2  testing requested prior to filing their discovery motion; (3) any illegal drug or substance
3  use and medication compliance by the decedent is irrelevant and highly prejudicial; and
4  (4) the late expert opinion sought is cumulative of expert opinions previously disclosed.
5  Defendants have provided to Plaintiff reports addressing Timothy's use of spice,
6  specifically from Charles Huth and Pamela Potter-O'Brien, Ph.D.

7        The Court finds, based upon all the information presented, that the information
8  Defendants seek is relevant and reasonably calculated to lead to the discovery of
9  admissible evidence pursuant to Rule 26(b), Fed. R. Civ. P.  The testing of Timothy's
10 blood does not result in production of unreasonably cumulative, duplicative, or
11 burdensome evidence.  Whether the decedent was under the influence of spice, cannabis,
12 or other substances during his contact with the officers and whether he was taking
13 prescribed medication is relevant to the issue of the decedent's behavior at the park at the
14 time he came into contact with the police.  Timothy's behavior in the park as observed by
15 the officers and witnesses is in dispute.  "In a case . . . where what the officer perceived
16 just prior to the use of force is in dispute, evidence that may support one version of events
17 over another is relevant and admissible."  *Boyd v. City & Cnty of San Francisco,* 576
18 F.3d 938, 948-49 (9th Cir. 2009).  Timothy's blood has never been tested for his
19 prescribed medication or other substances recently disclosed in medical records reflective
20 of the days prior to his death.  Timothy's blood sample results are probative of Timothy's
21 conduct immediately prior to the shooting.  *Cf. Hayes v. County of San Diego,* 736 F.3d
22 1223 (9th Cir. 2013) (where there is no factual dispute regarding actions of decedent,
23 evidence of drugs and/or alcohol in decedent's blood is irrelevant).

24       The Court further finds that the pharmacology experts for both Defendants and
25 Plaintiff may update their respective opinions upon receipt of the blood test results.  No
26 prejudice to either side is shown by an extension of the expert opinion deadline to
27 accommodate the new test results sought.  No trial date has been set.  Defendants have
28 demonstrated good cause to extend the deadline and attempted to meet and confer prior to

filing their Motion.  Therefore,

IT IS ORDERED that Plaintiff sign before a notary the Next-of-Kin Consent & Release Authorization of Specimen Release for Outside Testing within 14 days of the filing of the Court's Order.

IT IS FURTHER ORDERED extending Defendants' pharmacology expert opinion disclosure deadline and Plaintiff's rebuttal pharmacology expert opinion disclosure deadline to 30 days after the receipt of Plaintiff's signed authorization and 30 days after the service of Defendants' supplemental disclosure statement, respectively.

IT IS ORDERED granting Motion for Order Requiring Plaintiff to Sign and Have Notarized a Next-of-Kin Consent & Release Authorization of Specimen Release for Outside Testing and Motion to Extend Deadline for Defendants to Disclose Pharmacology Expert (Doc. 110).

Dated this 16th day of March, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge