WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Lynne Korff,

               Plaintiff,

v.

Phoenix, City of, et al.,

               Defendants.

No. CV-13-02317-PHX-ESW

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 188), in which Plaintiff moves the Court to reconsider its Order (Doc. 185) granting Defendants' Motion for Order Requiring Plaintiff to Sign and Have Notarized a Next of Kin Consent & Release Authorization of Specimen Release for Outside Testing and Motion to Extend Deadline for Defendants to Disclose Pharmacology Expert (Doc. 110).

Motions for reconsideration should be granted only in rare circumstances. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); s*ee also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."); *Harsco Corp. v. Zlotmicki*, 779 F.2d 906, 909 (3rd Cir.

1985), cert. denied, 476 U.S. 1171 (1986).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'"  *Defenders of Wildlife v. Browner*, 909 F.Supp 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983)).

Here, Plaintiff's Motion for Reconsideration (Doc. 188) does not present newly discovered evidence or an intervening change in the law.  Plaintiff asserts that the Court's ruling is manifestly unjust and a clearly erroneous reading of the case law previously cited to it.  Plaintiff respectfully asks the Court to rethink what was thought through and articulated in the Order (Doc. 185).

The Court has considered the law regarding excessive force as set forth in *Graham v. Connor*, 490 U.S. 386 (1989); *Hayes v. County of San Diego*, 736 F.3d 1223 (9th Cir. 2013); and *Boyd v. City & Cnty of San Francisco*, 576 F.3d 938 (9th Cir. 2009).  The Court has also reviewed the additional cases included in Plaintiff's Motion (Doc. 188): *Ruvalcaba v. City of Los Angeles*, 2014 WL 4426303 (C.D. Cal. Sept. 8, 2014); *Moreno v. Baca*, 431 F.3d 633 (9th Cir. 2005); *Glenn v. Washington Cnty*, 673 F.3d 864 (9th Cir. 2011); and *C.B. v. City of Sonora*, 769 F.3d 1005 (9th Cir. 2014).  The Court is familiar with the application of Rule 404(b) of the Federal Rules of Evidence at trial.

The Court affirms its finding that *Boyd* is good law and applies to this case.  At issue in this case is whether the deadly force used by officers violated decedent's Fourth Amendment rights under 42 U.S.C. § 1983.  Three primary factors are examined in use of force cases:  (1) "whether the suspect poses an immediate threat to the safety of officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396.  Those factors are not exclusive, and the Court must examine the totality of circumstances.  *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)).  There is substantial case law regarding each factor.  However, an officer's decision to employ deadly force requires discussion of the

reasonableness standard.  The Court in *Graham* has stated that "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.  The Court set forth the "reasonableness inquiry" in a case such as this one as "an objective one:  the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them without regard to their underlying intent or motivation."  *Id*.  Also at issue in the case *sua sponte* are the facts and circumstances confronting the officers.  Plaintiff alleges that Defendants "should have known that Timothy had special needs; based on reasonable observation and diligence, including their knowledge of the setting of Telephone Pioneer Park or simply talking to and interacting with Timothy."  (Doc. 1-1).  Necessarily the credibility of the officers' account of the circumstances that prompted them to shoot the decedent is also at issue.  Plaintiff disputes the decedent's behavior as described by the officers and witness.  Due to the above disputes, *Hayes* is distinguishable from this case.

In *Hayes*, the events immediately prior to the officer's shooting were not in dispute.  Therefore, evidence of the decedent's use of alcohol or decedent's prior suicidal behavior was irrelevant.  *Hayes*, 736 F.3d at 1233.  The Court properly focused upon evidence of which the officers were aware at the time they employed deadly force.  The Court reiterated the fact-intensive nature of excessive force cases and the need to consider the totality of circumstances surrounding a deadly use of force.  *Id*. at 1236.  The Court in *Hayes* never mentioned the *Boyd* decision in its analysis.  The Ninth Circuit in *Hayes* never discussed *Boyd* at all, much less distinguished or reversed it.  *See United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995) ("[O]nly a panel sitting *en banc* may overturn existing Ninth Circuit precedent").

Similarly, the *C.B.* case is also distinguishable from this action.  The Ninth Circuit found that information as to whether the plaintiff was suicidal was irrelevant in the context of the plaintiff's <u>unlawful seizure</u> claim.  *C.B.*, 769 F.3d at 1021.  In explaining its finding, the Court cited to precedent holding that information that a police officer

acquires after seizing an individual is irrelevant in determining whether the initial seizure was lawful.  *Id.*  The Ninth Circuit in *C.B.* did not discuss the relevancy of information that police officers knew in the context of an excessive force claim.

Plaintiff urges the Court to follow an unpublished decision from the U.S. District Court for the Central District of California, which inferred from the Ninth Circuit's holdings in *Glenn* and *Hayes* that *Boyd* was no longer controlling law.  *Ruvalcaba*, 2014 WL 4426303 at *2.  However, the *Glenn* case simply held that summary judgment was not appropriate given the fact-intensive analysis conducted by the Court.  *Glenn*, 673 F.3d at 879.  Neither the *Boyd* decision nor the *Hayes* decision were discussed by the Court in reaching its holding in *Glenn.  Id.*

While an unpublished district court decision may be considered persuasive authority, the Court is not persuaded by *Ruvalcaba*.  The Court concurs with the explanation in *Turner v. County of Kern*, 2014 WL 560834 (E.D. Cal. Feb. 13, 2014) regarding the fundamental differences between *Boyd* and *Hayes*.  In *Turner v. County of Kern*, 2014 WL 560834 (E.D. Cal. Feb. 13, 2014), the actions of the decedent were in dispute.  The Court denied Plaintiff's motion in limine and allowed the jury to hear evidence of the drugs and alcohol in the decedent's system at the time of the shooting for the purpose of "explaining Turner's behavior and corroborating Kraft and Nadal's [the officers] version of events.  In *Hayes,* unlike this case, there was no dispute as to what decedent Hayes was doing before he was shot, and there was no argument that the evidence was necessary to explain conduct.  Further, *Hayes* did not even cite to or address the rational of *Boyd.*"  *Id.* at *6.

This Court concludes that *Boyd* remains the law in the Ninth Circuit, and the Court finds that *Boyd* is applicable to the facts of this case.   This Court is resolving a discovery dispute, not deciding a motion in limine.  The probative value of the blood test to the facts immediately prior to the shooting outweighs any prejudicial effect at this stage of litigation.  *See CB*, 769 F.3d at 1021.  Relevant information need not be admissible at trial to be discoverable provided it is reasonably calculated to lead to the discovery of

admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  Plaintiff's additional arguments regarding briefing are unpersuasive and now moot.  Plaintiff has fully briefed her argument.  The meet and confer issue is also moot.  Clearly no resolution of the issue was able to be reached and the Court permitted briefing after telephonic conference.

Therefore, the Order (Doc. 185) of March 16, 2015 is affirmed.  The Motion for Reconsideration (Doc. 188) is denied.

Dated this 25th day of March, 2015.

_____
Eileen S. Willett
United States Magistrate Judge