WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynne Korff, | No. CV-13-02317-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

Pending before the Court is Defendants' fully briefed Motion for Protective Order Regarding Deposition of Former Chief Daniel Garcia (Doc. 126). This is a wrongful death and 42 U.S.C. § 1983 case against the City of Phoenix and named City of Phoenix Police Officers for the shooting death of Plaintiff's adult son.

Plaintiff has noticed the deposition of former City of Phoenix Chief of Police, Daniel Garcia (Doc. 104). Defendant seeks a protective order pursuant to Rule 26(c), (1), Fed. R. Civ. P., because former Chief Garcia is a high-ranking official and no extraordinary circumstances have been shown which support taking his deposition. *See Thomas v. Cate*, 715 F.Supp.2d 1012, 1049-50 (E.D. Cal. 2010); *Sargent v. City of Seattle*, 2013 WL 1898213, at *3 (W.D. Wash. May 7, 2013). Defendants assert that the information Plaintiff seeks can be obtained from other sources.

Counsel have satisfied the meet and confer requirement, and they have attempted to resolve the issue by informal telephonic conference with the Court. Rule 26(c)(1),

Fed. R. Civ. P. The Court permitted briefing based upon the information raised in oral argument held on January 26, 2015.

Plaintiff raises several reasons why Defendants' Motion should be denied. Plaintiff asserts that former Chief Garcia has direct, unique personal knowledge about the following: the reasons for the Notice of Laudermill[1] Hearing and Defendant Tiger's termination; Chief Garcia's personal review and approval of documents listed as trial exhibits by Defendants; the Use of Force Review; and the shooting investigation itself. Plaintiff disputes former Chief Garcia's designation as a high ranking official pursuant to *Detoy v. City & Cnty of San Francisco*, 196 F.R.D. 362, 370 (N.D. Cal. 2000). However, even if former Chief Garcia were determined to be a high ranking official, Plaintiff asserts that extraordinary circumstances have been shown justifying the deposition.

The Court finds that former Chief Garcia is a high-ranking official as a matter of law. Therefore, the Court must decide if extraordinary circumstances have been shown to justify his deposition. The Plaintiff must demonstrate that former Chief Garcia has "direct personal factual information pertaining to the material issues in this case that is not available through other sources." *Jarbo v. Cnty of Orange*, 2010 WL 3584440, at *2-*3 (C.D. Cal. Aug. 30, 2010). *See also Warren v. Washington*, 2012 WL 2190788, at *1 (W.D. Wash. June 14, 2012).

The Court finds that Chief Garcia has direct, personal, factual information relevant to the shooting by his review of the Use of Force Review results regarding Defendants and the shooting investigation by the City of Phoenix Professional Standards Bureau. Information Chief Garcia may have known, if any, as to Defendant Tiger's alleged substance abuse, mental health, and prescribed medication during the period of time immediately prior to and at the time of the shooting is also relevant. Former Chief Garcia's personal review and approval of documents listed as trial exhibits is also discoverable by Plaintiff.

---

[1] *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (requiring government employer to provide notice and a hearing to employee prior to termination).

1. Therefore, extraordinary circumstances have been shown to permit the deposition of former Chief Garcia. The Court notes that the later firing of Officer Tiger is not an area of relevant inquiry unless facts are revealed that pertain to Officer Tiger's ability to see, hear, and react to information presented to him on the day and at the time of the officers' encounter with the decedent.

IT IS ORDERED denying Defendants' Motion for Protective Order (Doc. 126).

The Court has also considered Plaintiff's Motion for the Honorable Court to Determine whether Portions of Plaintiffs' Response to Defendants' Motion for Protective Order Should Remain under Seal (Doc. 144); Defendant Craig Tiger's Response to Doc. 144 and Motion for Protective Order (Doc. 160); and Plaintiff's Motion for the Honorable Court to Determine whether Portions of Plaintiffs' Response to Defendants' Motion for Protective Order Should Remain under Seal (Doc. 190).

IT IS ORDERED sealing Doc. 143, which contains and references a confidential report attached as "Exhibit D." Plaintiff's Motions (Doc 144 and 190) are granted. Defendant's Motion for Protective Order (Doc. 160) is therefore granted in part to the extent that the document is sealed in this case, and denied in part as to all other requests.

Dated this 1st day of April, 2015.

                                                Honorable Eileen S. Willett
                                                United States Magistrate Judge