WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynne Korff, | No. CV-13-02317-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

The Court has considered Plaintiff's Motion to Compel Defendant Tiger's Relevant Medical Records (Doc. 194), Defendant Tiger's Response (Doc. 214), Plaintiff's Reply (Doc. 231), and Plaintiff's Motion for the Honorable Court to Determine Whether Portions of Plaintiff's Motion to Compel Should Be Filed under Seal (Doc. 195). The matter is deemed submitted for decision.

## BACKGROUND

This is a wrongful death and 42 U.S.C. § 1983 claim brought against the City of Phoenix and named City of Phoenix Police Officers for damages arising from the shooting death of Plaintiff's son. Plaintiff's Motion to Compel fails to comply with LRCiv 37.1, Rule 37(a)(1), Fed. R. Civ. P., and LRCiv 7.2(j). Counsel for Plaintiff asserts that Plaintiff has satisfied the meet and confer requirement, and counsel have attempted to resolve the issue regarding disclosure of Defendant Tiger's medical records. Rule 37(a)(1), Fed. R. Civ. P. Counsel for Defendant Tiger asserts that no one "picked up the phone." Defendant agrees that the issue most probably would not have resolved

1 without the Court's intervention. The briefs of counsel demonstrate a lack of agreement
2 on the issue of production of Defendant Tiger's medical records. Though the Court could
3 deny without prejudice the Motion to Compel (Doc. 194), allowing leave to re-file with
4 the appropriate certificate of counsel and attached discovery requests and responses, the
5 Court now has the substance of the required documentation and has read the briefing of
6 counsel. In the interests of judicial economy, the Court will reach the merits of the
7 Motion to Compel (Doc. 194) without requiring the parties to re-file.

8 Plaintiff seeks the names of Defendant Tiger's treating medical, psychological,
9 psychiatric, and pharmacy providers from 2008 until the date of Defendant Tiger's death.
10 Plaintiff further seeks signed medical authorizations for all providers identified. Plaintiff
11 bases her request on documentation written by a Family Court advisor which Plaintiff
12 argues suggests that Defendant Tiger at the time of the shooting death of Plaintiff's son
13 drank alcohol to excess, had recently separated from his wife, had a history of anxiety,
14 and was prescribed medication which may have affected his ability to carry a weapon
15 pursuant to departmental police policy. Defendant Estate of Tiger argues that all medical
16 and mental health records of Defendant Tiger are absolutely privileged and not
17 discoverable. Defendant cites the Court to *Jaffee v. Redmond*, 518 U.S. 1 (1996).

18 The Court has ruled that the events immediately leading up to the shooting of the
19 decedent are in dispute. *See* Orders of the Court dated March 25, 2015 (Doc. 192),
20 March 16, 2015 (Doc. 185), April 1, 2015 (Docs. 198, 199), and April 2, 2015 (Doc.
21 202). Discovery regarding those events is, therefore, relevant. *See Boyd v. City & Cnty
22 of San Francisco*, 516 F.3d 938 (9th Cir. 2009); *Graham v. Connor*, 490 U.S. 386 (1989).
23 Relevant information need not be admissible at trial to be discoverable provided it is
24 reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P.
25 26(b)(1). Plaintiff argues that Defendant Tiger's alleged substance abuse, mental health,
26 and prescribed medication during the period immediately prior to and at the time of the
27 shooting are, therefore, relevant. Whether Defendant Tiger was impaired at the time of
28 the shooting and whether he was authorized under police departmental policy to carry his

weapon on June 4, 2012 are relevant areas of inquiry for discovery. Rule 26, Fed. R. Civ. P., however, does not permit the discovery of otherwise privileged information.

## DISCUSSION

### 1. Identification of Medical, Mental Health, and Pharmacy Providers Interrogatory

The Court finds that Plaintiff has alleged both a state and federal law claim in her Amended Complaint (Doc. 1-1 at 63-71). By Notice of Dismissal dated November 8, 2013 (Doc. 1-1 at 74-75), Plaintiff voluntarily dismissed her state law claim as to Defendant Tiger. Defendants removed the case to federal court by Notice of Removal filed on November 13, 2013 (Doc. 1). By Order issued on March 26, 2014 (Doc. 24 at 5), the Court found that Plaintiff's vicarious liability claim against the City of Phoenix survived Defendant's Motion to Dismiss.

Fed. R. Evid. 501 provides that "[t]he common law - as interpreted by the United States courts in the light of reason and experience - governs a claim of privilege . . . . But in a civil case state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Though Plaintiff alleges both a state law claim and a federal claim, the Court finds that the same evidence relates to both claims raised. Therefore, the federal court is not bound by Arizona law on the issue of privilege. Instead, federal privilege law will govern. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (citing *Agster v. Maricopa Cnty*, 422 F.3d 836, 839 (9th Cir. 2005)).

The Court finds that "[t]here is no physician-patient privilege recognized under federal common law or in the Ninth Circuit." *Sanders v. Energy Northwest*, No. 12-cv-0580-TOR, 2013 WL5674885, at *2 (E.D. Wash Oct. 17, 2013) (citing *In Re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986)). The psychotherapist-patient privilege identified in *Jaffee* only protects communications between a patient and his licensed treating psychologist, psychiatrist, and social worker. 518 U.S. at 15. The privilege does not protect the identity of the providers. *See Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D. Mass. 1997) (noting privilege covers content of communications, not the fact that the communications occurred).

Defendant must answer Plaintiff's Interrogatory #1 dated February 20, 2015. Plaintiff's Motion to Compel (Doc. 194) will be granted as to Interrogatory #1 dated February 20, 2015.

### 2. Request for Production of Signed Authorizations

As no physician-patient privilege exists in federal law between Defendant Tiger and his medical doctors, doctors of osteopathic medicine, physicians, physician assistants, nurses, nurse practitioners, or pharmacists, Defendant Tiger's records as to these providers are not privileged. All records of treatment received subsequent to the date of the shooting are deemed irrelevant. Therefore, Defendant Tiger's Estate must provide signed authorizations for treatment records of the above providers in existence for care received from January 1, 2008 through June 4, 2012. Records sought from Defendant Tiger's licensed treating psychologists, neuropsychologists, and psychiatrists are privileged and not discoverable. Therefore, the Court will grant in part and deny in part Plaintiff's Motion to Compel (Doc. 194) regarding Plaintiff's Request for Production #1 dated February 20, 2015.

### 3. Defendant Craig Tiger's Objection to Plaintiff's Reply Re: Motion to Compel (Doc. 231) and Motion for Leave to File Surreply Re: Plaintiff's Motion to Compel (Doc. 194)

The Plaintiff has not alleged that Defendant Tiger waived the psychotherapist-patient privilege. Nor has Plaintiff alleged that Defendant Estate of Tiger should be estopped from asserting the privilege. Therefore, a surreply from Defendant Estate of Tiger is deemed unnecessary. Defendant Estate of Tiger has sufficiently argued its position regarding objections to Plaintiff's factual and legal statements. The Court will deny Motion for Leave to File Surreply (Doc. 233).

### 4. Motions to Seal (Docs. 190, 195, 197, and 216)

On April 2, 2015, the Court ordered to be sealed Doc. 143 which referenced and attached as "Exhibit D" the Family Court report dated May 18, 2014 from Court Advisor Holly Judge, M.S. LPC (Doc. 202 at 3). This Court sealed the report because it involves and discusses minor children. Defendant Tiger participated in interviews with Court

Advisor Holly Judge in FC 2012-52059 in the Maricopa County Superior Court of Arizona. Defendant Tiger had no expectation of privacy when he participated in the court-ordered interviews. The interviews were not therapeutic in nature. The contents of that report regarding Defendant Tiger are not privileged pursuant to *Jaffee*, 518 U.S. at 15. Therefore, the Court will order the Clerk of Court to unseal Doc. 143, but seal all exhibits containing Holly Judge's report, including Doc. 143-1, Doc. 189-1, Doc. 194-1, and Doc. 215-1.[1] The Court will grant "Plaintiff's Motion for the Honorable Court to Determine Whether Portions of Plaintiffs' Response to Defendants' Motion for Protective Order Should Remain under Seal" (Doc. 190). Doc. 190 will be ordered unsealed. All briefing and argument of counsel regarding the contents of Holly Judge's report dated May 18, 2014 related to Defendant Tiger will be ordered unsealed. No further motions to seal need to be filed on this issue. Nor shall counsel attach Ms. Judge's report as an exhibit to future briefing. *See* LRCiv 7.1(d)(1)(2). Counsel may reference the Court to Doc. 143-1 at 17-28. "Plaintiff's Motion for the Honorable Court to Determine Whether Portions of Plaintiff's Motion to Compel Should Be Filed under Seal" (Doc. 195) will be granted. No portions of counsels' briefing will be ordered sealed. "Defendant Craig Tiger's Motion to Seal Documents 189 and 194" (Doc. 197) will be denied in part and granted in part as set forth above. Plaintiff's "Motion to Seal Response to: Defendant's Motion to Strike Rebuttal Expert Opinions of Plaintiff's Experts, et al." (Doc. 216) will be denied in part and granted in part as set forth above.

## CONCLUSION

**IT IS ORDERED** granting in part and denying in part Plaintiff's Motion to Compel Defendant Tiger's Relevant Medical Records (Doc. 194).

**IT IS ORDERED** that Defendant Estate of Tiger answer Plaintiff's Interrogatory #1 dated February 20, 2015.

**IT IS FURTHER ORDERED** that Defendant Estate of Tiger produce, in

---

[1] Although these documents contain other exhibits besides Holly Judge's report, the Clerk of Court is unable to seal excerpts of documents. A document must be sealed or unsealed in its entirety.

response to Plaintiff's Request for Production #1 dated February 20, 2015, signed medical authorizations for Defendant Tiger's records from January 1, 2008 through and including June 4, 2012 from the following categories of treating providers: medical doctors, doctors of osteopathic medicine, physicians, physician assistants, nurses, nurse practitioners, and pharmacists. Defendant Estate of Tiger need not provide medical authorizations for Defendant Tiger's licensed treating psychologists, neuropsychologists, and psychiatrists.

**IT IS FURTHER ORDERED** denying Defendant's Motion for Leave to File Surreply (Doc. 233).

**IT IS FURTHER ORDERED** granting "Plaintiff's Motion for the Honorable Court to Determine Whether Portions of Plaintiffs' Response to Defendants' Motion for Protective Order Should Remain under Seal" (Doc. 190).

**IT IS ORDERED** that the Clerk of Court unseal Docs. 190 and 143.

**IT IS ORDERED** that the Clerk of Court seal the following exhibits containing the May 18, 2014 report of Holly Judge, M.S., LPC: Docs. 143-1, Doc. 189-1, Doc. 194-1, and Doc. 215-1.

**IT IS FURTHER ORDERED** that by **July 14, 2015**, Plaintiff shall file redacted versions of Doc. 143-1, Doc. 189-1, Doc. 194-1, and Doc. 215-1. The redacted filings shall only omit the May 18, 2014 report of Holly Judge, M.S., LPC. To further explain:

- Holly Judge's report is contained in Doc. 143-1 at pages 17-28. To comply with the Court's order, Plaintiff would re-file Doc. 143-1 omitting only pages 17-28.
- Holly Judge's report is contained in Doc. 189-1 at 1-12. To comply with the Court's order, Plaintiff would re-file Doc. 189-1 omitting only pages 1-12.
- Holly Judge's report is contained in Doc. 194-1 at 1-12. To comply with the Court's order, Plaintiff would re-file Doc. 194-1 omitting only pages 1-12.
- Holly Judge's report is contained in Doc. 215-1 at 1-12. To comply with the Court's order, Plaintiff would re-file Doc. 215-1 omitting only pages 1-12.

**IT IS ORDERED** that counsel cease attaching the May 18, 2014 report of Holly

Judge, M.S., LPC to future documents. Counsel simply shall refer the Court to sealed Doc. 143-1 at pages 17-28 whenever counsel wish to cite the Court to Holly Judge's May 18, 2014 report.

**IT IS FURTHER ORDERED** that counsel may argue the contents of Ms. Judge's report as it pertains to Defendant Tiger in their briefing of future motions without a request for the Court to determine whether to seal the argument. Requests to seal existing briefing are denied. The Court in the future will not seal such briefing or portions of motions, responses, and replies related to Defendant Tiger and the Holly Judge report of May 18, 2014. The report itself is sealed.

**IT IS ORDERED** granting in part and denying in part "Defendant Craig Tiger's Motion to Seal Documents 189 and 194" (Doc. 197).

**IT IS ORDERED** granting "Plaintiff's Motion for the Honorable Court to Determine Whether Portions of Plaintiff's Motion to Compel Should Be Filed under Seal" (Doc. 195).

**IT IS ORDERED** granting in part and denying in part Plaintiff's "Motion to Seal Response to: Defendant's Motion to Strike Rebuttal Expert Opinions of Plaintiff's Experts, et al." (Doc. 216).

Dated this 1st day of July, 2015.

_____
Eileen S. Willett
United States Magistrate Judge