WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lynne Korff, | No. CV-13-02317-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Request for Court Order Regarding Arizona State Board of Pharmacy Controlled Substances Prescription Database Information Regarding Craig Tiger" (Doc. 273).  Estate of Craig Tiger responded (Doc. 277), and Plaintiff replied (Doc. 280).  The parties have clearly articulated their respective positions, and oral argument is deemed unnecessary. The request for oral argument is denied.

## I. DISCUSSION

In her Amended Complaint (Doc. 1-1, 63-71), Plaintiff alleges (i) negligence by vicarious liability against the City of Phoenix and (ii) excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C.§ 1983 against Defendants Conklin and Estate of Craig Tiger.  The case arises from the June 4, 2012 shooting death of Plaintiff's adult son by City of Phoenix police officers.  By Notice of Removal filed November 13, 2013 (Doc. 1), the matter was filed in U.S. District Court, District of Arizona. All issues are

joined. (Docs. 19, 21, 26).   The Court issued a Case Management Order (Doc. 34) pursuant to Rule 16, Fed. R. Civ. P., which has been amended by stipulation of the parties and Order of the Court numerous times.  (Docs. 74, 90, 108, 210, 239, 244, 257, 266). By Order of the Court issued on September 1, 2015, discovery closed effective September 30, 2015. (Doc. 257).   The deadline for filing dispositive motions was extended to October 26, 2015. (Doc. 266).  Cross-motions for summary judgment were filed on October 26, 2015. (Docs. 267, 270). On October 29, 2015, Plaintiff filed the present Request (Doc. 273).  Plaintiff's Request may be construed as a (i) discovery motion; (ii) de facto motion to extend the discovery deadline; or (iii) motion filed pursuant to Rule 56(d), Fed. R. Civ. P., to continue the motions for summary judgment in order to take additional discovery.  As discussed below, denial of Plaintiff's Request is justified regardless of how the Request is construed.

### A.  Plaintiff's Request was Filed after the Discovery Deadline and is Untimely

Plaintiff requests that the Court issue an order requiring the Arizona State Board of Pharmacy to release prescription information regarding Officer Craig Tiger. By Order filed on July 2, 2015, the Court found that "whether Defendant Tiger was impaired at the time of the shooting and whether he was authorized under police departmental policy to carry his weapon on June 4, 2012 are relevant areas of inquiry for discovery pursuant to Rule 26, Fed. R. Civ. P." (Doc. 255 at 3).  However, Plaintiff did not timely subpoena the pharmacological records pursuant to Rule 45, Fed. R. Civ. P., or timely seek a Court order to obtain them.  Nor does Plaintiff request an extension of time pursuant to Rule 16(b), Fed. R. Civ. P., to do so.  Because Plaintiff filed his Request (Doc. 273) after the discovery deadline had expired, the Court may deny the Request as untimely.  *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order).

1    The Court notes that Plaintiff could have requested modification of the Case

2 Management Order upon a showing of "good cause."  *See* Rule 16 (b), Fed. R. Civ. P.

3 "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

4 seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th

5 Cir. 1992).  If a pretrial schedule cannot be met despite the diligence of the party seeking

6 an extension of time, the Court may modify its scheduling order.  *See* MILLER &

7 KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990) (good cause

8 means scheduling deadlines cannot be met despite party's diligence).  Carelessness is not

9 good cause for the extension of discovery deadlines.  *Johnson*, 975 F.2d at 609.

10 "Although the existence or degree of prejudice to the party opposing the modification

11 might supply additional reasons to deny a motion, the focus of the inquiry is upon the

12 moving party's reasons for seeking modification.  If that party was not diligent, the

13 inquiry should end. *Id.* (citations omitted).

14    No good cause has been shown by Plaintiff to support another extension of the

15 discovery deadline in this case pursuant to Rule 16(b), Fed. R. Civ. P.  Plaintiff has not

16 demonstrated diligence in the pursuit of Officer Tiger's pharmacological records.

17 Therefore, denial of Plaintiff's Request (Doc. 273) is warranted even if it is deemed as a

18 de facto motion to modify the Case Management Order.

19    **B. Plaintiff's Request Does Not Satisfy the Requirements of Rule 56(d), Fed.**
20    **R. Civ. P.**

21    The Court may also consider Plaintiff's Request for Court Order to be a request

22 for a continuance on the filing of Plaintiff's opposition to Defendants' Joint Motion for

23 Summary Judgment pursuant to Rule 56(d), Fed. R. Civ. P.[1]   However, in order to

24 request a continuance on the deadline for filing her response to Defendants' Joint Motion

25 for Summary Judgment, Plaintiff must show by affidavit: (i) specific facts that she hopes

26 to elicit from further discovery; (ii) that the facts sought exist; and (iii) that the sought-

27

28

---

[1] Prior to the 2010 amendments to the Federal Rules of Civil Procedure, Rule 56(d) was numbered 56(f).

after facts are essential to opposing the motion for summary judgment.  *See Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F. 3d 822, 827 (9th Cir. 2008).  "The party seeking a Rule 56(d) continuance bears the burden of proffering facts sufficient to satisfy the requirements of 56(d)."  *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014).   Denial of a Rule 56(d) motion is proper if the movant fails to comply with the requirements of Rule 56(d) or if the movant has failed to conduct discovery diligently.  *See, e.g., United States v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with [the requirements of Rule 56(d)] is a proper ground for denying relief."); *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment"); *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that district court properly denied the plaintiffs' Rule 56(d) motion because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay").

The Court finds that Plaintiff has had sufficient opportunity to conduct discovery in this case.  The original Complaint was filed on May 31, 2013.  The discovery deadline was extended many times before the final deadline of September 30, 2015 was reached.  Plaintiff was afforded an opportunity to conduct discovery on this issue by Order of the Court issued on July 2, 2015. (Doc. 243).  Plaintiff has not been diligent in pursuing the pharmacological records at issue.  To the extent Plaintiff's Request (Doc. 273) was filed pursuant Rule 56(d), the Request is denied based on Plaintiff's lack of diligence.  Moreover, as explained below, the Request fails on the merits.

Plaintiff seeks to show that Officer Tiger was under the influence of medication prohibited by departmental policy at the time of the discharge of his weapon.  However, whether the information sought will prove that Officer Tiger was under the influence of medication prohibited by departmental policy at the time of the discharge of his weapon

1    is speculative.  If the records sought exist, the most they will show is that medication was
2    called into the pharmacy or purchased.  The records will not conclusively show that
3    Officer Tiger was "using and abusing said prescription and non-prescription medication
4    before and up through the time of the shooting of Mr. O'Brien." (Doc. 273 at 2).
5    Allowing the sought after discovery would not preclude summary judgment. *See*
6    *Martinez*, 553 F. App'x at 761 (stating that two of the relevant factors when deciding a
7    Rule 56(d) motion are (i) whether the information sought is based on mere speculation
8    and (ii) whether allowing additional discovery would preclude summary judgment).
9    Plaintiff has failed to meet her burden of proof under Rule 56(d), Fed. R. Civ. P.  For all
10   of the reasons discussed above, Plaintiff's Request for Court Order (Doc. 273) will be
11   denied.

12         **C.  Defendant Estate of Tiger's Request for Attorneys' Fees**

13         Defendant Estate of Tiger requests an award of attorneys' fees as a sanction for the
14   filing of Plaintiff's Request for Court Order. (Doc. 277 at 7).  Defendant Estate of Tiger
15   asserts that Plaintiff's Request for Court Order is a discovery motion, and Plaintiff failed
16   to comply with LRCiv 7.2(j) prior to filing her request.  In addition, Defendant Estate of
17   Tiger argues that sanctions are appropriate under Fed. R. Civ. P. 16(f)(2).  The Court
18   finds that the email correspondence between counsel regarding the filing of Plaintiff's
19   Request for Court Order reflects an attempt to resolve the issue without the assistance of
20   the Court.  Clearly, a phone conversation after defense counsel's responding email would
21   have been a futile act.  Therefore, the request for sanctions pursuant to LRCiv 7.2(j) will
22   be denied.

23         "Federal Rule 16(f) requires counsel to comply with pretrial orders and provides
24   that the Court may order any 'just' sanctions, including those outlined in Rule
25   37(b)(2)(A)(ii)-(vii), for non-compliance." *Fadem v. Am. States Preferred Ins. Co.*, No.
26   2:13–cv–01213–RCJ–NJK, 2013 WL 5492776, *1 (D. Nevada, October 2, 2013).
27   Sanctions under Rule 16(f) are remedial in nature and are intended "to encourage forceful
28   judicial management" of cases. *Sherman v. U.S.*, 801 F. 2d 1133, 1135 (9th Cir. 1986).

"[V]iolations of Rule 16 are neither technical nor trivial, but involve a 'matter most critical to the court itself: management of its docket' and the avoidance of unnecessary delays in the administration of its cases." *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601, 602 (E.D. Cal. June 9, 1999) (citing *Matter of Sanction of Baker*, 744 F. 2d 1438, 1441 (10th Cir. 1984)).   "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . .  Disregard of the order would undermine the court's ability to control its docket . . .  and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610.  The Court need not find bad faith in order to award sanctions pursuant to Rule 16(f), Fed. R. Civ. P.  *See Harrell v. U.S.*, 117 F.R.D. 86,88 (E.D. N.C. 1987);  6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

If the Court finds that a party has failed to obey a scheduling order, then instead of or in addition to any other sanction, Rule 16 (f)(2), Fed. R. Civ. P., requires the Court to "order the party, its attorney, or both to pay reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.*

If the Plaintiff's Request for Court Order is construed as a Rule 56(d), Fed. R. Civ. P., request for extension of time to reopen discovery and respond to the Defendants' Motion for Summary Judgment, then sanctions pursuant to Rule 16(f) are not appropriate. If treated as an untimely request for discovery, sanctions may be awarded.  The Court finds that by filing her Request for Court Order, Plaintiff attempted to secure additional discovery from a non-party after the deadline to conduct discovery had passed.  She did so without the agreement of opposing counsel and without requesting an extension of the Court's discovery deadlines.   Therefore, Plaintiff failed to obey the Court's Case Management Order.

Plaintiff's justification for the untimeliness of her Request for Court Order is language contained in an Order of the Court filed August 28, 2015 (Doc. 255).  In ruling

upon Defendants' Joint Motion to Strike Rebuttal Expert Opinions of Plaintiff's Experts and Defendants' Request for Leave to Disclose Rebuttal Opinions of Audio Expert (Doc. 203), the Court noted that it had made recent rulings (Doc. 243) which expanded relevant areas of discovery, and the Court stated that "updating expert opinion reports whether as direct testimony or in rebuttal is anticipated in the normal course of discovery and permitted by the Federal Rules of Civil Procedure." (Doc. 255 at 3). The Court further stated that "[b]oth Plaintiff and Defendants may supplement their expert reports with information the Court has deemed relevant for discovery purposes." (*Id*.). Nowhere in the Order of August 28, 2015 (Doc. 255) or the Order of July 2, 2015 (Doc. 243), however, did the Court permit the additional discovery of documents from non-parties to occur after the deadline of September 30, 2015.

Nevertheless, the Court finds that denial of the Request for Court Order (Doc. 273) requires no additional sanction under Rule 16(f)(1)(C), Fed. R. Civ. P. Circumstances in this case make an award of Defendant Estate of Tiger's expenses unjust pursuant to Rule 16(f)(2), Fed. R. Civ. P. The Court gives Plaintiff the benefit of the doubt as to her interpretation of the Court's Order of August 28, 2015 (Doc. 255). Defendant Estate of Tiger's request for an award of attorneys' fees will be denied.

### D. Plaintiff's Motion to Strike

Plaintiff requests that the Court "strike Defendants' expert reports and opinions disclosed way past the discovery deadline." As argument for this motion, Plaintiff merely says, "What is good for the goose…" (Doc. 280 at 6). Attached to the Reply (Doc. 280) are Exhibits A and B, which are a disclosure statement and an expert report from Mr. Huth. Pursuant to LRCiv 7.2(m), a motion to strike may only be filed if it is authorized by statute or rule. Plaintiff's motion is not supported by citation to statute, rule, or case law. The Court is unable to determine which opinions may be newly disclosed or untimely from the Exhibits attached. Plaintiff provides no analysis or authority to support her motion. Plaintiff's motion lacks sufficient clarity to satisfy the requirement set forth in Rule 7(b)(1), Fed. R. Civ. P. , that a motion "state with particularity the

grounds for seeking the order" and "the relief sought." "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 294, 293-94 (1st Cir. 1995)). The motion to strike will be denied.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "Request for Court Order Regarding Arizona State Board of Pharmacy Controlled Substances Prescription Database Information Regarding Craig Tiger" (Doc. 273).

**IT IS FURTHER ORDERED** denying Defendant Estate of Tiger's request for sanctions (Doc. 277).

**IT IS FURTHER ORDERED** denying Plaintiff's motion to strike (Doc. 280).

Dated this 29th day of March, 2016.

_____
Eileen S. Willett
United States Magistrate Judge